Filed 11/5/24  P. v. Strouth CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082822 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN344793) |
| DAVID STROUTH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David G. Brown, Judge.  Affirmed.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Britton B. Lacy, and Matthew Mulford, Deputy Attorneys General, for Plaintiff and Respondent.

In 2017, a jury convicted David Strouth of second degree murder (Pen. Code,[1] § 187, subd. (a)). The jury also found true that Strouth personally used a knife in the commission of the offense (§ 12022, subd. (b)(1)). The court sentenced Strouth to prison for an indeterminate term of 15-years-to-life plus a one-year determinate term for the knife enhancement.

We affirmed the judgment against Strouth in an unpublished opinion. (See *People v. Strouth* (Oct. 22, 2019, D073335).)

In 2023, Strouth filed a petition for resentencing under section 1170.91, subdivision (b), which the trial court denied. Strouth appeals, arguing the trial court abused its discretion in denying his petition. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of Strouth's offense are not pertinent for resolution of the issues presented. Suffice it to say, Strouth stabbed the victim to death and was convicted of second degree murder.

After his conviction, Strouth moved for a new trial wherein he argued that it was undisputed at trial that he suffered from post-traumatic stress disorder (PTSD) and thus, he could not form the requisite mens rea to commit murder. The trial court disagreed, finding the jury was properly instructed and substantial evidence supported the jury's verdict.

Strouth also brought a motion based on the Eighth Amendment that his conviction should be reduced to voluntary manslaughter. The court denied this motion as well, but in doing so, considered Strouth's military service as well as his PTSD diagnosis.

The court subsequently sentenced Strouth to prison but not without further discussion of the impact of PTSD on Strouth and his actions.

---

[1] Statutory references are to the Penal Code unless otherwise specified.

Almost six years later, Strouth brought a petition for resentencing based on health conditions due to military service. (See § 1170.91, subd. (b).) The prosecution opposed the petition, arguing that the trial court had considered Strouth's PTSD in ruling on the motion for new trial as well as the motion to reduce Strouth's murder conviction to manslaughter. Additionally, the prosecution contended that the trial court took into account Strouth's PTSD when it sentenced him. Finally, the prosecutor argued that Strouth's 15-year-to-life prison term was not subject to resentencing under section 1170.91 because that statute did not apply to indeterminate prison terms. However, it is undisputed that the prosecution was relying on a former version of section 1170.91 for that argument.

At the beginning of the hearing on the section 1170.91 petition, the court indicated that its tentative ruling was to deny the petition because a second degree murder conviction was not eligible for resentencing under the statute. In response, Strouth's counsel did not "dispute the court's finding on that issue" but urged the court to strike the one-year term based on the knife enhancement in the interest of justice.

The prosecutor then indicated that Strouth was ineligible for resentencing under section 1170.91, subdivision (c) because he committed a homicide. She also noted that the trial court had considered Strouth's mental health issues in ruling on his two post-trial motions as well as during sentencing. Additionally, the prosecutor maintained that the court should not strike the one-year knife enhancement in the interest of justice because Strouth would be "a danger to public safety and dismissal is not in the furtherance of justice."

The court questioned if striking the one-year knife enhancement would have any impact on Strouth's sentence. The prosecutor answered:

> "Your Honor, I just believe that it would be in the court's discretion, and as this court had indicated, this court is looking to see what sort of impact it would have.
>
> "Again, [defense counsel] had indicated that a lot in the law has changed since he was sentenced, and it could further continue to change. And so that enhancement could essentially be something that we hold onto in the future if the law does change. I believe that striking the knife allegation because this court believes that well, one year may not make a difference in a 15-years-to-life sentence is not the proper way that this court should be looking at it. This court should look at it as if striking that one-year enhancement is in the interest of justice, and the people believe that it is not as—The people believe that the defendant is a danger to the community based on the facts that came out at trial and this it is not in the interest of justice to strike the enhancement."

The court then confirmed with the prosecutor that the sentence that Strouth received would "still be in play if the defendant was convicted today." Being assured that it was without objection by defense counsel, the court denied the petition.

The court subsequently entered a written order stating in part: "Petitioner was sentenced to an indeterminate life term in relation to Count One, Murder in the second degree. As a result, this portion of his sentence is not eligible for resentencing."

Strouth timely appealed.

## DISCUSSION

Strouth raises two issues. First, he argues that the trial court abused its discretion in denying his petition because it misapplied the law. To this end, Strouth contends the court relied on the former version of

4

section 1170.91, which only applied to defendants serving determinative sentences. (See *People v. Stewart* (2021) 66 Cal.App.5th 416, 423-424; former § 1170.91, subd. (b)(1)(A), as amended by Stats. 2018, ch. 523, § 1, eff. Jan. 1, 2019.) Thus, he maintains the court did not understand the current law, and therefore, it abused its discretion. (Cf. *In re Large* (2007) 41 Cal.4th 538, 550.)

Yet, Strouth admits that even under the current version of section 1170.91, which was applicable to his petition, he is not entitled to resentencing of his 15-year-to life sentence for second degree murder. We agree.

In 2022, the Legislature amended section 1170.91, and restricted eligibility for resentencing "by adding subdivision (c), a carve-out provision stating that '[t]his section does not apply to a person convicted of, or having one or more prior convictions for, an offense specified in clause (iv) of paragraph (C) of paragraph (2) of subdivision (e) of [s]ection 667 or an offense requiring registration pursuant to subdivision (c) of [s]ection 290.' (§ 1170.91, subd. (c).) These changes became effective on January 1, 2023." (*People v. Sherman* (2023) 91 Cal.App.5th 325, 330.) Section 1170.91, subdivision (c), also "applies to pending petitions for resentencing filed before January 1, 2023, including those pending on appeal." (*Sherman*, at p. 333.)

Strouth concedes that his murder conviction is a " 'super strike' " under section 667, subdivision (e)(2)(C)(iv)(IV) and thus his sentence for murder is not eligible for resentencing under section 1170.91. Consequently, even if the court improperly applied the former version of 1170.91 in denying Strouth's petition, there would be no reason to remand the matter because Strouth concedes he is not entitled to any relief as to his 15-year-to-life sentence.

However, Strouth provides this background to support his second argument on appeal that remand is necessary so the court can correctly determine, under the current version of 1170.91, whether the one-year knife enhancement should be struck in the interest of justice. We are not persuaded.

As a threshold matter, we do not find the record to clearly show that the court applied the wrong version of section 1170.91. The court begins the hearing on the petition by explaining to the parties that its "tentative is to deny based on what appears the clear statement of the law that the indeterminate life term, count 1, murder in the second degree is not eligible pursuant to the statute for rehearing." Although the court identifies the sentence for second degree murder as indeterminate, its statement that the sentence for the homicide crime is ineligible for resentencing is correct under the current version of the statute. (See § 1170.91, subd. (c).) Strouth's trial counsel explicitly did not "dispute the court's finding on that issue." And the prosecutor specifically referenced subdivision (c) of the subject statute and stated that "I think we are all in agreement that the defendant is ineligible for resentencing under this section as he has a current conviction for a homicide offense." Neither the court nor defense counsel disagreed with the prosecutor's statement. Thus, the record of the hearing strongly suggests that everyone was on the same page about what version of section 1170.91 applied to Strouth's petition.

Moreover, at the beginning of the hearing on the petition, defense counsel informed the court that it had discretion to strike the one-year knife enhancement: "I would say that 1170.91 was amended by SB1209 which took effect [in] January 2023, and it does clearly say that the court, in the interest of justice, could strike the knife allegation, and I would ask the court to do

6

that." The prosecutor directly replied to defense counsel's argument, asserting that it would not be "in the interest of justice" to strike the knife enhancement "because [Strouth] would be a danger to the community." The prosecutor later reiterated that the interest of justice did not support striking the enhancement: "His mental state and proximity to weapons show that he is a danger to public safety and dismissal is not in the furtherance of justice."

In response to the prosecutor's argument, defense counsel again referenced the interest of justice: "All I'm asking is in the interest of justice based on who he is and how this happened and his lack of a record that you strike the one-year knife enhancement."

Then, when the court asked the prosecutor whether striking the one-year knife allegation would have any impact, the prosecutor focused the court on the relevant issue—should the court strike the enhancement in the interest of justice:

> "I believe that striking the knife allegation because this court believes that well, one year may not make a difference in a 15-years-to-life sentence is not the proper way the court should be looking at it. This court should look at it as if striking that one-year enhancement is in the interests of justice, and the people believe that it is not as—The people believe that the defendant is a danger to the community based on the facts that came out at trial and that it is not in the interest of justice to strike the enhancement."

Therefore, the record is clear that the prosecutor and defense counsel repeatedly told the court it could strike the one-year knife enhancement in the interest of justice and then argued why the court should or should not do so. And although the court did not specifically refer to the interest of justice in making its ruling, it did inquire whether, under the current law, Strouth would be subject to the same one-year knife enhancement. After learning

7

that was the case, the court then declined to strike the one-year enhancement. The court therefore changed its approach in considering whether to strike the enhancement from an evaluation of the impact of striking the enhancement to assessing if Strouth would be subject to the same enhancement had he committed his crime under existing law.

We observe that Strouth minimizes the extensive "in the interest of justice" discussion at the hearing and tries to focus us on the court's written order that does not mention the one-year enhancement whatsoever. However, the minute order does not diminish what occurred at the hearing on the petition below. Indeed, we would be hard pressed to find a better example of the parties explicitly arguing about whether an enhancement should be stricken in the interest of justice and ensuring that the court appropriately considered its discretion through that lens.

DISPOSITION

The order is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.